IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KRISTIN ELIZABETH SWEARINGIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 6:19-03351-CV-RK |
| ACTING COMMISSIONER OF SSA; | ) ) ) |
| Defendant. | ) ) ) |

**ORDER**

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

**Standard of Review**

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

1

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: Cushing's disease, polycystic ovary syndrome (PCOS), adrenal insufficiency, Addison's disease, epilepsy, migraine, headaches, asthma, depressive disorder, and anxiety disorder. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light exertional work with the following limitations: Plaintiff can lift and/or carry 20 pounds occasionally, and 10 pounds frequently; she can stand and/or walk for six hours in an eight hour workday; she can occasionally climb, balance, stoop, kneel, crouch, and crawl; she can have occasional exposure to pulmonary irritants, such as fumes, odors, dusts, and gases; she can have occasional exposure to extreme temperatures; she can have no exposure to hazardous conditions; she can never climb ropes, ladders, or scaffolds; she can perform tasks learned in 30 days or less involving simple work-related decisions requiring little to no judgment, with only occasional workplace changes; and she can have occasional interaction with the public. Although the ALJ determined that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because the ALJ improperly discounted the medical opinion of treating physician Dr. Silverstein[1] and because the ALJ failed to include all the limitations from Dr. Bender's opinion[2] in the RFC or explain why they were not included.

An ALJ is required to weigh all medical source opinions and "always give good reasons for the weight given to a treating source's opinion." SSR 96-2p, 1996 WL 374188 at *5 (Soc. Sec.

---

[1] Dr. Silverstein opined the following: Plaintiff could never lift and/or carry any weight; could never twist, stoop balance, crouch, crawl or climb; could sit for two hours at a time, and two hours in an eight hour workday; would need to take eight unscheduled breaks during an eight hour workday; and would miss more than four days of work per month.

[2] Dr. Bender opined Plaintiff would likely have trouble with recalling simple tasks, would only be able to understand moderately complex tasks, would likely have trouble with concentration and persistence, could handle lower levels of contact with the public, and could adapt to change and manage her own funds.

Admin. July 2, 1996). "The opinion of a treating physician is accorded special deference under the social security regulations [and] normally entitled to great weight." *Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010). "However, the Commissioner may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence." *Fentress v. Berryhill*, 854 F.3d 1016, 1020 (8th Cir. 2017) (internal quotation marks and citation omitted). With respect to non-treating sources, "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians," and in doing so, "[t]he ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole." *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). In doing so, the ALJ must "explain the weight given to opinions" or must "otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." 20 C.F.R. § 404.1527(f)(2).[3]

Here, the ALJ discounted Dr. Silverstein's opinion and explained her own examination notes did not support her opinion and it was therefore inconsistent with the record. The ALJ may discount a treating physician's opinion where (1) a non-examining opinion is supported by superior medical evidence or (2) if the treating physician offered an opinion inconsistent with the treating physician's own treatment notes. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). *See also Chesser v. Berryhill*, 858 F.3d 1161, 1164–65 (8th Cir. 2017) (the Commissioner may also assign "little weight" to a treating physician's opinion when it is either internally inconsistent or conclusory).

With respect to Dr. Bender, Plaintiff argues the ALJ did not include the limitations this doctor assessed when formulating the RFC. The ALJ found Dr. Bender's opinion was generally consistent with the record as a whole and afforded it considerable weight. The Court finds the RFC reflects Dr. Bender's opinions. For example, Dr. Bender opined Plaintiff could handle low level contact with the public, which is incorporated in the RFC because it states Plaintiff can have only occasional interaction with the public. Similarly, Dr. Bender observed Plaintiff would have trouble with concentration and would only be able to understand moderately complex tasks, which the

---

[3] This claim was filed prior to March 27, 2017, thus the ALJ evaluated medical opinion in accordance with the factors set forth at 20 C.F.R. §§404.1527 and 416.927.

3

ALJ incorporated in the RFC by finding Plaintiff can perform tasks learned in 30 days or less involving simple work-related decisions requiring little to no judgment.

Accordingly, the Court finds that substantial evidence supports the ALJ's decision to discount the weight given to Dr. Silverstein, and Dr. Bender's opinion was adequately incorporated in the RFC.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision. **IT IS THEREFORE ORDERED** that the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 25, 2020